**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KALSHIEX, LLC,<br>    *Plaintiff,*<br><br>and<br><br>THE UNITED STATES OF AMERICA<br>and COMMODITY FUTURES<br>TRADING COMMISSION,<br><br>    *Plaintiff-Intervenors,*<br><br>v.<br><br>MARK FURCLO, et al.<br><br>    *Defendants.* | Case No.: 1:26-cv-00327-MSM-PAS<br><br><br><br><br>*Consolidated With* |
| THE STATE OF RHODE ISLAND,<br><br>    *Plaintiff,*<br><br>v.<br><br>KALSHIEX LLC, and QCX LLC d/b/a<br>POLYMARKET US,<br><br>    *Defendants.* | Case No.: 1:26-cv-00333-MSM-PAS |

**MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE
IN SUPPORT OF THE STATE DEFENDANTS**

The Indian Gaming Association ("IGA"), National Congress of American Indians ("NCAI"),

United South and Eastern Tribes Sovereignty Protection Fund ("USET SPF"), Arizona Indian

Gaming Association ("AIGA"), California Nations Indian Gaming Association ("CNIGA"),

Minnesota Indian Gaming Association ("MIGA"), Oklahoma Indian Gaming Association

("OIGA"), Washington Indian Gaming Association ("WIGA"), National Tribal Gaming

Commissioners & Regulators ("NTGCR"), Native American Finance Officers Association ("NAFOA"), San Manuel Gaming and Hospitality Authority ("SMGHA"), and 31 federally recognized Indian tribes ("Amici Tribes")[1] (collectively, "Tribal Amici") have asked this Court for leave to file the accompanying brief as amici curiae in support of the State of Rhode Island's ("State") response to the Commodity Futures Trading Commission's ("CFTC"), KalshiEX LLC's ("Kalshi"), and QCX LLC's ("Polymarket") motions for preliminary injunction.[2]

## INTERESTS OF THE TRIBAL AMICI

IGA is an inter-tribal non-profit organization comprised of 124 federally recognized Indian tribes that operate gaming enterprises throughout Indian Country. IGA also has non-voting members, which represent organizations, tribes, and businesses engaged in tribal gaming enterprises around the country. IGA's mission is to advance tribal economic, social, and political interests, and to preserve and promote tribal sovereignty, self-sufficiency, and economic development by advocating for tribally owned governmental gaming enterprises. To pursue this mission, IGA operates as an educational and public policy resource for tribes, policy makers, and members of the public concerning Indian gaming issues and tribal community development.

---

[1] The Amici Tribes include: Agua Caliente Band of Cahuilla Indians; Bay Mills Indian Community; Elk Valley Rancheria; Fond du Lac Band of Lake Superior Chippewa; Grand Traverse Band of Ottawa and Chippewa Indians; Hannahville Indian Community; Iowa Tribe of Oklahoma; Jamestown S'Klallam Tribe; Jamul Indian Village of California; Karuk Tribe; Kickapoo Traditional Tribe of Texas; Leech Lake Band of Ojibwe; Little Traverse Bay Bands of Odawa Indians; Lytton Rancheria; Mashantucket Pequot Tribal Nation; Mohegan Tribe of Indians of Connecticut; Morongo Band of Mission Indians; Nottawaseppi Huron Band of the Potawatomi; Oneida Nation; Pechanga Band of Indians; Pueblo of Acoma; Pueblo of Sandia; Rincon Band of Luiseño Mission Indians; Santa Rosa Rancheria Tachi Yokut Tribe; Santa Ynez Band of Chumash Mission Indians; Seminole Tribe of Florida; Shingle Springs Band of Miwok Indians, Shingle Springs Rancheria (Verona Tract); Spokane Tribe of the Spokane Reservation; Table Mountain Rancheria; Wilton Rancheria; Yavapai-Apache Nation; and Yuhaaviatam of San Manuel Nation.

[2] Counsel for the CFTC and State consent to the filing of this motion. Counsel for Kalshi and Polymarket take no position on this motion.

2

NCAI is the oldest and largest national organization comprised of American Indian and Alaska Native tribal governments and their citizens. Since 1944, NCAI has advised and educated the public, tribal nations, state governments, and the federal government on a broad range of issues involving tribal sovereignty, self-government, treaty rights, and policies affecting tribal nations, including jurisdiction, taxation, and gaming issues. NCAI currently represents more than 275 tribal nations. NCAI works daily to strengthen the ability of tribal nations to ensure the health and welfare of their communities.

USET SPF is a non-profit, inter-tribal organization advocating on behalf of 33 federally recognized tribal nations from the Northeastern Woodlands to the Everglades and across the Gulf of Mexico. USET SPF is dedicated to promoting, protecting, and advancing the inherent sovereign rights and authorities of tribal nations and in assisting its membership in dealing effectively with public policy issues. USET SPF works at the regional and national level to educate federal, state, and local governments about the unique historic and political status of its member tribal nations.

AIGA is a non-profit association comprised of eight federally recognized tribes. AIGA is committed to protecting and promoting the welfare of tribes striving for self-reliance by supporting tribal gaming enterprises on Arizona Indian lands. AIGA provides educational, legislative, and public policy resources for tribes, policymakers, and the public on Indian gaming issues and tribal community development. AIGA is deeply committed to maintaining and protecting tribal sovereignty and self-governance.

CNIGA is a non-profit organization that represents 54 federally recognized tribal governments located within the State of California. CNIGA acts as a planning and coordinating agency for legislative, policy, legal, and communications efforts on behalf of its members, especially with respect to gaming-related matters.

MIGA was founded in 1987 to bring member tribes together to educate Minnesotans about the impacts of tribal gaming and to speak with a unified voice on public policy matters. MIGA is currently comprised of elected leaders from nine of the eleven federally recognized Indian tribes in Minnesota. MIGA continues to support and advocate for tribal gaming operations while also defending against the off-reservation expansion of gaming.

OIGA is a non-profit organization of Indian Nations and other non-voting members representing organizations, tribes, and businesses engaged in tribal gaming enterprises in Oklahoma. OIGA's mission is to promote the general welfare of the Oklahoma Indian Tribes through the development of sound policies and practices with respect to the conduct of gaming enterprises in Indian Country. OIGA's purpose is to educate and disseminate information to tribal, federal, and state governments and the general public on issues relating to tribal gaming.

WIGA is a non-profit organization of tribal government leaders representing 23 federally recognized Indian tribes in the State of Washington. WIGA's purpose is to educate and disseminate information to the Indian gaming community, federal and state governments, and the general public concerning issues related to gaming in Indian Country. WIGA advocates on behalf of Washington's Indian gaming community to promote government relations and effective communication between tribes and the State. WIGA aims to promote, protect, and preserve the general welfare of Indian tribes through the development of sound policies and practices with respect to the conduct of gaming activities in Indian Country.

NAFOA is a national non-profit organization of tribal officers, controllers, treasurers, accountants, auditors, and financial advisors. NAFOA's mission is to foster development of financial and business expertise among tribal governments and their businesses by providing educational forums and resources, and by instilling finance and accounting best practices.

4

NTGCR is a nationally respected 501(c)(6) nonprofit trade organization established to serve as a unified voice for tribal regulators and to promote consistent regulatory standards across Indian Country.  At the heart of the NTGCR's mission is empowering tribal gaming regulators through education, collaboration, and regulatory enforcement enhancements.  Viewing the regulation of gaming as a vital expression of tribal self-governance, the organization is dedicated to strengthening tribal sovereignty by supporting the primary regulators of Indian gaming and fostering a strong, cooperative regulatory community.  Through its certification academies and educational seminars, the NTGCR ensures that tribal gaming operations remain secure, well-regulated, and conducted with integrity and professionalism.

SMGHA is a governmental instrumentality of Yuhaaviatam of San Manuel Nation created to independently carry out the investment in, and ownership and management of, gaming and hospitality businesses outside of the San Manuel Reservation.

The Amici Tribes are 31 federally recognized Indian tribes within the meaning of the Indian Gaming Regulatory Act ("IGRA").  *See* 25 U.S.C. § 2703(5).  Each of the Amici Tribes is a separate and distinct tribal government with the sovereign authority to conduct and regulate gaming activities on its Indian lands.  The Amici Tribes all have a direct and immediate interest in maintaining their sovereign rights over gaming, including sports betting, on their Indian lands.

Together, the Tribal Amici all have a shared, strong interest in this case because of its potential to have a significant impact on their or their member tribes' rights regarding gaming on Indian lands, as well as Indian gaming and tribal governmental revenue as a whole.  Such revenue is vital and provides funding for essential government services, tribal programs, and economic development needed to reach the goals of self-governance and self-sufficiency.

**ARGUMENT**

The Local Rules for this Court do not provide the procedure for or address the propriety of amicus briefs. *See generally* U.S. District Court for the District of Rhode Island Local Rules (amended Apr. 1, 2024). Instead, district courts in the First Circuit have determined that "the acceptance of amicus briefs is within the sound discretion of the court." *United States v. Maine*, 1:24-cv-00315-SDN, 2025 WL 2582122, at *2 (D. Me. Sep. 5, 2025) (citing *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)). "In weighing whether to grant amicus status, courts within this circuit have considered whether 'there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Id.* (quoting *All. of Auto. Mfrs. v. Gwadowsky*, F. Supp. 2d 305, 306 (D. Me. 2003))

Here, the Tribal Amici's proposed amicus brief serves only to aid this Court in resolving a matter that is of public interest not just to states, but to tribes and other lawful gaming operators. The Tribal Amici aim only to supplement counsel's efforts by raising issues not fully discussed or presented to this Court and would otherwise fail to be considered. In their response to the CFTC's, Kalshi's, and Polymarket's motions for preliminary injunction, Defendants argue that the Commodity Exchange Act ("CEA") does not preempt Rhode Island's state gaming laws. While the Tribal Amici concur with and support the arguments advanced by the State, the proposed amicus brief presents additional grounds as to why the CEA does not exclusively govern the sports-betting contracts offered by prediction market platforms, including Kalshi's and Polymarket's.

In particular, the unique perspective of tribes that engage in gaming under the Indian Gaming Regulatory Act ("IGRA") will provide this Court with information that will help it deliberate this case beyond that which Defendants raise in their response. The Tribal Amici raise

6

the issue of how the CFTC's, Polymarket's, and Kalshi's preemption argument, if taken as true, would impliedly repeal core aspects of IGRA and instead make the CFTC a gaming regulator. Such a holding would unquestionably impact all those Tribes engaged in tribal gaming pursuant to an IGRA compact.

As such, the Tribal Amici have a unique interest in the subject matter of this suit because it directly impacts tribal sovereignty over gaming that occurs on Indian lands, which is an important interest and adds a valuable perspective for the Court not advanced by either party. Moreover, the Tribal Amici's brief offers additional arguments relevant to a fair resolution of the claims through unique information and perspectives. While the Tribal Amici generally agree with many of the arguments raised by Defendants, they also provide additional information and a distinct perspective by elaborating on the overall structure of IGRA, explaining the jurisdictional void that would result from a finding in favor of the CFTC, Kalshi, and Polymarket, and revealing the profound and negative consequences such a void would have on the ability of tribal governments to fund essential functions.

## CONCLUSION

For the foregoing reasons, the Tribal Amici respectfully request that this Court grant their Motion for Leave to File the accompanying proposed amicus brief in support of the State.

Dated: June 25, 2026

Respectfully submitted,


/s/ *Dana M. Horton*
Dana M. Horton (RI Bar #6251)
**ROBINSON & COLE LLP**
One Financial Plaza
14th Floor
Providence, RI 02903
Direct 401.709.3352
Email: dhorton@rc.com


*Counsel for Tribal Amici*

Joseph H. Webster (*pro hac vice* pending)
Elizabeth A. Bower (*pro hac vice* pending)
Jens W. Camp (*pro hac vice* pending)
Alexandra K. Holden (*pro hac vice* pending)
**HOBBS, STRAUS, DEAN & WALKER LLP**
1899 L Street NW, Suite 1200
Washington, DC 20036
Telephone: (202) 822-8282
Email: jwebster@hobbsstraus.com
       ebower@hobbsstraus.com
       jcamp@hobbsstraus.com
       aholden@hobbsstraus.com


*Counsel for Tribal Amici*

Scott Crowell (*pro hac vice* pending)
**CROWELL LAW OFFICE**
TRIBAL ADVOCACY GROUP PLLC
1487 W State Rte 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Email: scottcrowell@clotag.net


*Counsel for Rincon Band of Luiseño Indians,
Santa Ynez Band of Chumash Mission Indians,
and Spokane Tribe of the Spokane Reservation*

Bryan Newland (*pro hac vice* pending)
**POWERS, PYLES, SUTTER &
VERVILLE PC**
1250 Connecticut Ave N, 8th Floor
Washington, DC 20036
Telephone: (202) 349-4265
Email: Bryan.Newland@powerslaw.com


*Counsel for Bay Mills Indian Community,
Mohegan Tribe of Indians of Connecticut,
Rincon Band of Luiseño Indians, and Santa
Ynez Band of Chumash Mission Indians*

Michael Hoenig (*pro hac vice* pending)
**YUHAAVIATAM OF SAN MANUEL
NATION**
422 1st Street SE
Washington, DC 20003
Telephone: (909) 936-9684
Email: Michael.Hoenig@sanmanuel-
nsn.gov


*Counsel for Yuhaaviatam of San Manuel
Nation and San Manuel Gaming and
Hospitality Authority*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2026, I electronically filed the foregoing document with the Clerk for the United States District Court for the District of Rhode Island using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

DATED:  June 25, 2026

/s/ *Dana M. Horton*
Dana M. Horton (RI Bar #6251)