**NOT FOR PUBLICATION**

FILED

AUG 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORTH AMERICAN DERIVATIVES EXCHANGE, INC., d/b/a Crypto.com | Derivatives North America,

Plaintiff - Appellant,

v.

STATE OF NEVADA, on Relation of the NEVADA GAMING CONTROL BOARD; MIKE DRETIZER, in his official capacity as Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in his official capacity as a member of the Nevada Gaming Control Board; CHANDENI K. SENDALL, Deputy City Attorney, in her official capacity as a member of the Nevada Gaming Control Board; AARON D. FORD, in his official capacity as Attorney General of Nevada,

Defendants - Appellees,

NEVADA RESORT ASSOCIATION,

Intervenor-Defendant - Appellee.

No. 25-7187

D.C. No.
2:25-cv-00978-APG-BNW

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted April 16, 2026
San Francisco, California

Before: R. NELSON, BADE, and LEE, Circuit Judges.

Appellant North American Derivatives Exchange, Inc., d/b/a Crypto.com (Crypto) appeals the district court's order denying (1) its motion for a preliminary injunction and (2) its motion for judgment on the pleadings.[1] The district court had jurisdiction under 28 U.S.C. § 1331, as this action arises under the Supremacy Clause of the Constitution. U.S. Const. art. VI, cl. 2. We have jurisdiction to review the district court's order under 28 U.S.C. § 1292(a)(1), and we affirm.

We review the denial of a preliminary injunction for abuse of discretion. *NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1012 (9th Cir. 2025). "A district court abuses its discretion if it commits legal error." *Id.* To warrant preliminary injunctive relief, Crypto "must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the interim, and that an injunction is both equitable and in the public interest." *Id.*

1. Crypto argues that it "will likely succeed on its claim that the

[1] This case was consolidated for argument with two related cases, *KalshiEX, LLC v. Assad, et al.*, No. 25-7516, and *Robinhood Derivatives LLC v. Dreitzer, et al.*, No. 25-7831. This memorandum disposition is filed concurrently with an opinion in *KalshiEX*, and a memorandum disposition in *Robinhood Derivatives*.

[Commodity Exchange Act] CEA preempts Nevada's gaming laws as applied to the trading of [its] sports-event contracts." But we conclude that these sports event contracts are not "swaps" under 7 U.S.C. § 1a(47)(A)(ii), and therefore, they are not subject to the exclusive jurisdiction of the Commodity Futures Trading Commission (CFTC). *KalshiEX, LLC v. Assad, et al.*, No. 25-7516, slip op. at 41 (9th Cir. Aug. 28, 2026). We also reject Crypto's argument that "the CFTC has exclusive jurisdiction to regulate all trading on DCMs." Instead, we conclude that the CFTC has exclusive jurisdiction only over the trading described in § 2(a)(1)(A)'s grant of exclusive jurisdiction. *KalshiEX*, slip op. at 23; *see* 7 U.S.C. § 2(a)(1)(A) (providing that the CFTC has "exclusive jurisdiction" over "swaps or contracts of sale of a commodity for future delivery . . . traded or executed on a" designated contract market). Crypto's conflict and field preemption arguments also fail. *KalshiEX*, slip op. at 42–45. Likewise, we reject the argument that the determination of whether the sports event contracts constitute swaps under the CEA must be addressed in a suit "brought by an aggrieved party under the APA against the CFTC." *KalshiEX*, slip op. at 18–20.

2. We reject Crypto's argument that its sports event contracts can be considered "options" under § 2(a)(1)(A). First, Crypto did not argue in the district court that these contracts should be considered options, only that they should be considered swaps. We generally avoid exercising our discretion to consider

arguments raised for the first time on appeal. *See In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

Still, as a pure issue of law, we can decide this issue and we reject Crypto's argument. First, Crypto self-certified the contracts to the CFTC as swaps, not options, in their CFTC certification letters. Second, its argument relies only on a "passing statement" in a 2008 CFTC request for comment, rather than the ordinary or statutory definition of option. Crypto does not refer to § 1a(36), which defines option under the statute, likely because that definition is inapplicable to these contracts.

As we have held, in the CEA "an option means the contract whereby the creator (or writer) of the option grants to the purchaser the right, for a specified period of time, to either buy or sell the subject of the option at a predetermined price." *CFTC v. White Pine Tr. Corp.*, 574 F.3d 1219, 1226 (9th Cir. 2009) (quotation omitted). Crypto's sports wagers do not meet that definition.

3. Crypto's arguments on the other preliminary injunction factors mirror those discussed in the opinion filed concurrently in *KalshiEX*. Incorporating the reasoning from that opinion, we conclude that the other preliminary injunction factors favor Nevada. *See KalshiEX*, slip op. at 45–46.

4. We conclude that Crypto is not entitled to judgment on the pleadings. In passing on the final page of its brief, without citing authority, Crypto makes a

conclusory argument that we should reverse the district court's order denying judgment on the pleadings. Such briefing forfeits the issue. *See Chinaryan v. City of Los Angeles*, 113 F.4th 888, 903 (9th Cir. 2024) ("We do not consider inadequately briefed and perfunctory arguments that cite no authority."). Likewise, a judgment on the pleadings would be premature in this preliminary posture; it would require us to determine that Crypto is not just *likely* to succeed on the merits, but that it *will* succeed on the merits, something the district court declined to do.

**AFFIRMED.**